```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 09-22095-CIV-LENARD
                              MAGISTRATE JUDGE P.A. WHITE
```

ERIC MARTIN,                      :

    Plaintiff,                 :

v.                                :     <u>REPORT OF</u>
                                        <u>MAGISTRATE JUDGE</u>
CAPTAIN PARKER, et al,            :

    Defendants.                :
_____

    Eric Martin, filed a <u>pro se</u> civil rights complaint, pursuant to 42 U.S.C. §1983. He was permitted to proceed <u>in forma pauperis</u>.

    The sole named defendant was the Dade Correctional Institution. The plaintiff alleged that he was injured when he was attacked by a fellow inmate who should not have been confined in his cell after he warned officers about his fear that the inmate was going to attack him. The plaintiff was ordered to file an amendment to name the individuals responsible for the actions.

    The plaintiff filed an amended complaint (DE#10) in which he named Captains Parker and Love. Review of the complaint revealed no allegations against Love, and the claims against Parker were unclear. An attack of one inmate by another is not a constitutional violation. In this case it appears that following the attack, the violent inmate may have been cuffed by the Defendant, in which case there may be no constitutional violation.

    The Court must hold the allegations of a <u>pro se</u> civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972), and

such a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim which would entitle the plaintiff to relief. <u>Haines v. Kerner</u>, <u>supra</u>; <u>Conley v. Gibson</u>, 355 U.S. 41 (1957).

The effort to provide justice to the plaintiff, however, cannot be allowed to work injustice upon a defendant. A defendant must be able to understand the claim of the plaintiff and what he or she is accused of. Therefore, even a <u>pro se</u> plaintiff must comply with <u>Fed.R.Civ.P.</u> 8(a) by providing a short and plain statement of a claim, a basis for federal jurisdiction, and a demand for judgment. Moreover, the plaintiff must separate all claims based upon differing sets of circumstances, as required by <u>Fed.R.Civ.P.</u> 10(b). The plaintiff was permitted one further opportunity to amend his complaint on or before December 30, 2009.

The plaintiff failed to comply with the Court's Order. The plaintiff was cautioned that failure to file the second amended complaint on time would probably result in dismissal of this case.

Review of the Court's docket indicates that the Order permitting the plaintiff to proceed IFP (DE#7), sent to Charlotte Correctional Institution, was returned to the Court as undeliverable. Research at the Florida Department of Corrections website reveals that the plaintiff is in close custody at the RMC main unit. It is unclear whether the plaintiff received the second Order requiring an amended complaint, however he has filed no change of address with the Court, or notice of inquiry.

It is therefore recommended that this complaint be dismissed without prejudice for lack of prosecution.

Objections to this Report may be filed within fourteen days of receipt.

Dated this 5th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Eric Martin, Pro Se
K59836
Charlotte CI
Address of record

Eric Martin, pro-se
RMC Main Unit
Hand delivered